United States District Court
Southern District of Texas
**ENTERED**
July 11, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | **CRIMINAL ACTION NO. 4:20-CR-** |
| **VS.** § | **00624-003** |
| § | |
| **DONNIE JONES** § | |

## ORDER

Currently pending before the Court is Defendant's Motion to Dismiss the 18 U.S.C. § 924(c) charge of brandishing a firearm in relation to a crime of violence. (Doc. 106.) A defendant may be charged under 18 U.S.C. § 924(c) when he uses or carries a firearm during or in relation to a crime of violence.[1]

Defendant's § 924(c) charge arises in relation to his charge for aiding and abetting a robbery under 18 U.S.C. § 1951(a) (also "Hobbs Act"). The Fifth Circuit has long held that completed Hobbs Act robberies constitute crimes of violence under § 924(c). *See, e.g.*, *United States v. Hill*, 63 F.4th 335 (5th Cir. 2023).

However, according to Defendant, a series of recent Supreme Court decisions necessitate a reversal of this well-established precedent. First, in *United States v. Taylor*, 142 S. Ct. 2015, 2025 (2022), the Supreme Court held that an attempted Hobbs Act robbery cannot be a crime of violence under the elements clause § 924(c) because "[w]hatever one might say about completed

---

[1] § 924(c) defines "crime of violence" in two subparts: the elements clause, § 924(c)(3)(A) (a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), and the residual clause, § 924(c)(3)(B) (a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). However, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court found the residual clause unconstitutionally vague.

Hobbs Act robbery, attempted Hobbs Act robbery does not require proof of any of the elements § 924(c)(3)(A) demands." Second, Defendant contends (and the Government contests) that *Mathis v. United States*, 579 U.S. 500 (2016) suggests that the Hobbs Act is not divisible between attempted and completed robberies. According to Defendant, if attempted robbery is not a crime of violence and the crime of attempt is not divisible from the completed crime, then aiding and abetting robbery under § 1951 cannot be a crime of violence. (Doc. 106 at 5-6.) The Government disagrees based on Fifth Circuit precedent, the holdings of sister circuits, and its own interpretation of the underlying statutes.

Under *United States v. Hill*, 63 F.4th 335 (5th Cir. 2023), decided after *Taylor*, this Court must conclude that aiding and abetting robbery under the Hobbs Act is a crime of violence:

> Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause. While we have not addressed whether aiding and abetting Hobbs Act robbery is a crime of violence, our sister circuits have uniformly held that, because there is not distinction between those convicted of aiding and abetting and those convicted as a principal under federal law, aiding and abetting a crime of violence qualifies as a crime of violence as well.

*Id.* at 363 (internal citation omitted).

Defendant's Motion to Dismiss is therefore **DENIED**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on July 11, 2023.

_Keith P. Ellison_
Keith P. Ellison
United States District Judge